# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ANDRE SHARP,<br><br>Petitioner,<br><br>v.<br><br>EDWARD BORLA,<br><br>Respondent. | Case No. 1:24-cv-00326-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>(ECF No. 10) |

Petitioner Anthony Andre Sharp is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On August 24, 2016, Petitioner was convicted by a jury in the Fresno County Superior Court of possession of child pornography. On November 29, 2016, Petitioner was sentenced to an imprisonment term of twenty-five years to life. (LD[1] 1.) At the time of the 2016 offense, Petitioner was civilly committed to Coalinga State Hospital as a sexually violent predator. (ECF No. 10 at 1.[2])

Petitioner initiated two appeals that were subsequently dismissed. (LDs 2, 3.) On June 3, 2019, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which

---

[1] "LD" refers to the documents lodged by Respondent on June 7, 2024. (ECF No. 11.)
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1   denied the petition on August 21, 2019. (LDs 6, 7.) On August 10, 2023, Petitioner filed a

2   petition for review of the appellate court's denial of a resentencing petition. (LD 4.) On

3   September 13, 2023, the California Supreme Court denied the petition for review. (LD 5.)

4   Petitioner also filed approximately sixteen lower state court petitions. (ECF No. 10 at 2 n.1.)

5       On March 15, 2024, Petitioner filed the instant federal petition for writ of habeas corpus.

6   (ECF No. 1.) On June 7, 2024, Respondent filed a motion to dismiss the petition for

7   nonexhaustion. (ECF No. 10.) To date, no opposition or statement of nonopposition has been

8   filed, and the time for doing so has passed.

## II.

## DISCUSSION

11       A petitioner in state custody who is proceeding with a federal petition for writ of habeas

12   corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is

13   based on comity to the state court and gives the state court the initial opportunity to correct the

14   state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991);

15   Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by

16   providing the highest state court with a full and fair opportunity to consider each claim before

17   presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v.

18   Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

19       In the petition, Petitioner appears to challenge a detainer, asserting that "he has already

20   fulfilled his civil commitment at Coalinga State Hospital, thus a new commitment without proper

21   due process violates a substantive right." (ECF No. 1 at 5, 15.) Petitioner also appears to

22   challenge "the fact-finding process of the Fresno Superior Court [as] unreasonable." (Id. at 7,

23   14.) Petitioner alleges that he has "exhausted the lower court remed[ies]," but the petition also

24   states that the California Supreme Court simply returned Petitioner's petition for review with no

25   order issued. (Id. at 15, 2.)

26       In his state habeas petition, filed in the California Supreme Court on June 3, 2019,

27   Petitioner challenged the legality of his sentence, specifically regarding the use of prior

28   convictions as strikes. (LD 6.) In his petition for review, filed in the California Supreme Court on

1  August 10, 2023, Petitioner challenged the denial of his resentencing petition. (LD 4.) Upon
2  review of the two petitions filed in the California Supreme Court, the Court finds that Petitioner
3  did not present the claims he now raises in the instant petition to the California Supreme Court in
4  his state habeas petition or the petition for review. Regarding Petitioner's allegations that the
5  California Supreme Court simply returned Petitioner's petition for review with no order issued,
6  (ECF No. 1 at 2), a petitioner can satisfy the exhaustion requirement by providing the highest
7  state court with a *full and fair opportunity* to consider each claim before presenting it to the
8  federal court. "Submitting a new claim to the state's highest court in a procedural context in
9  which its merits will not be considered absent special circumstances does not constitute fair
10 presentation." Roettgen v. Copeland, 33 F.3d 36, 39 (9th Cir. 1994) (citing Castille v. Peoples,
11 489 U.S. 346, 351 (1989)). "[T]he mere act of sending a procedurally defective set of claims to
12 the California Supreme Court does not, for exhaustion purposes, constitute 'fairly presenting'
13 those claims to the state court." Regennitter v. CSP-CORCORAN, No. 1:15-cv-00160-LJO-JLT,
14 2015 WL 2081814, at *3 (E.D. Cal. May 4, 2015) (collecting cases).

15     Based on the foregoing, the Court finds that Petitioner has not sought relief in the
16 California Supreme Court for the claims that he raises in the instant petition, and thus, the Court
17 cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). Therefore, dismissal is
18 warranted for failure to exhaust state judicial remedies.

19                                    **II.**
20                              **RECOMMENDATION**

21     Based on the foregoing, the undersigned HEREBY RECOMMENDS that:
22  1. Respondent's motion to dismiss (ECF No. 10) be GRANTED; and
23  2. The petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for
24     failure to exhaust state judicial remedies.
25     This Findings and Recommendation is submitted to the assigned United States District
26 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
27 Rules of Practice for the United States District Court, Eastern District of California. Within
28 **THIRTY (30) days** after service of the Findings and Recommendation, any party may file

written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 21, 2024**         /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

4