UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ANDRE SHARP,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>EDWARD BORLA,<br><br>　　　　　Respondent. | No. 1:24-cv-00326-KES-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>Docs. 10, 12 |

Petitioner Anthony Andre Sharp is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 22, 2024,[1] the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed without prejudice for failure to exhaust state judicial remedies. Doc. 12. On September 12, 2024, petitioner filed timely objections. Doc. 13.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, including petitioner's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

---

[1] The findings and recommendations were signed on August 21, 2024, but not docketed until August 22, 2024.

1

Petitioner's objections allege that he has exhausted in the state courts the two claims that he seeks to raise in this petition, but he fails to identify the case number for those proceedings in the state courts and does not attach the decisions of those courts to his petition or objections. Petitioner has failed to show that his claims were exhausted and or that the magistrate judge erred in recommending that the petition be dismissed without prejudice.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

///
///
///
///
///
///
///
///

2

Accordingly:

1. The findings and recommendations issued on August 22, 2024, Doc. 12, are ADOPTED in full;
2. Respondent's motion to dismiss, Doc. 10, is GRANTED;
3. The petition for writ of habeas corpus is DISMISSED without prejudice;
4. The Clerk of Court is directed to close the case; and
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   November 17, 2024

UNITED STATES DISTRICT JUDGE

3